UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: LINDA JANE PROUT

              Debtor

_____/

Chapter 13
Case No. 21-41710-MAR
Judge: Mark A Randon

**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
NOTICE TO CREDITORS OF OBLIGATION TO
FILE A RESPONSE AND RIGHT TO OBJECT; AND
NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

**Please read this Report carefully. It advises you of certain rights and deadlines imposed pursuant to the United States Bankruptcy Code, Federal Rules of Procedure, and Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Michigan. Your rights may be adversely affected.**

Krispen S. Carroll, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-3(a)(1), reports to the Court that the above-named debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 Plan. Debtor may be entitled to a discharge.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

**IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

**IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

*PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.*

In addition to the requirments of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that the Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

A. All allowed claims have been paid in accordance with the plan; and

B. With respect to any secured claim that continues beyond the term of the plan, any pre-petition or post-petition defaults have been cured.

Pursuant to E.D. Mich. LBR 2015-3(a)(3), if the Court determines that the Debtor is eligible for a Discharge, the Order of Discharge will direct that:

A. Any creditor who held a secured claim that was fully paid must execute and deliver to the debtor a release, termination statement, discharge of mortgage or other appropriate certifiable document suitable for recording; and

B. Any creditor who holds a secured claim that continues beyond the term of the plan must take no action inconsistent with the findings set forth in the Order of Discharge.

# RIGHTS AND DUTIES OF DEBTOR

**Duty of Debtor regarding secured debt obligations:** The Debtor, regardless of whether or not the Debtor is or claims to be entitled to a discharge must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations; and

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the last contractually due payment to which the trustee's last disbursement is applied.

See E.D. Mich. LBR 2015-3(a)(6)&(7)

**If the Debtor claims to be eligible for a discharge pursuant 11 U.S.C. Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations. The form and instructions on how to complete this form may be found on the Bankruptcy Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations.

3. If the Debtor fails to complete and file a Debtor's Certification Regarding Domestic Support Obligations within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

See E.D. Mich. LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

Pursuant to E.D. Mich. LBR 2015-3(a)(4), any party in interest that asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current with any payments that the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains pre-petition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a). 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b). There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

Page 4 of 8

21-41710-mar    Doc 47    Filed 07/29/22    Entered 07/29/22 08:39:46    Page 4 of 8

shall file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

If no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-3(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all pre-petition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certifiable document suitable for recording; and

6. There exists no reasonable cause to believe that:

(a). 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

(b). There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
Krispen S. Carroll, Chapter 13 Standing Trustee

Dated: 7/29/22

/S/ Krispen S. Carroll
_____
KRISPEN S. CARROLL (P49817)
CHAPTER 13 STANDING TRUSTEE

719 Griswold Street, Suite 1100
Detroit, MI  48226
(313) 962-5035
notice@det13ksc.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: LINDA JANE PROUT

           Debtor

Chapter 13
Case No. 21-41710-MAR
Judge: Mark A Randon

_____/

## PROOF OF SERVICE OF CHAPTER 13 TRUSTEE'S
## NOTICE OF FINAL CURE PAYMENT AND NOTICE OF COMPLETION OF PLAN PAYMENTS

I hereby certify that on 7/29/22 I electronically filed the CHAPTER 13 TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND NOTICE OF COMPLETION OF PLAN PAYMENTS with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

PAUL B GIGLIOTTI
15400 19 MILE RD STE 115
CLINTON TWP, MI  48038-6311

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

LINDA JANE PROUT
55790 SHELBY RD
APT 10315
SHELBY TWP, MI  48316

ALLY BANK
PAYMENT PROCESSING CENTER
P O BOX 78367
PHOENIX, AZ  85062

CAPITAL MANAGEMENT SERVICES
698 1/2 SOUTH OGDEN ST
BUFFALO, NY  14206

CAPITAL ONE BANK USA NA
℅ AMERICAN INFOSOURCE LP
P O BOX 71083
CHARLOTTE, NC  28272

CASH TODAY
50140 GRATIOT
NEW BALTIMORE, MI  48051

CHASE BANK
P O BOX 15298
WILMINGTON, DE  43081

| | |
|---|---|
| CHRISTIAN FINANCIAL<br>18441 UTICA RD<br>ROSEVILLE, MI  48066 | DISCOVER<br>P O BOX 6103<br>CAROL STREAM, IL  60197 |
| DISCOVER BANK/DISCOVER<br>PRODUCTS INC<br>P O BOX 3025<br>NEW ALBANY, OH  43054 | DTE ENERGY<br>ONE ENERGY PLAZA<br>WCB735<br>DETROIT, MI  48226 |
| JPMORGAN CHASE BANK NA<br>P O BOX 15368<br>WILIMINGTON, DE  19850 | MARY SUE TRINGALI<br>28201 MANHATTAN ST<br>ST CLAIR SHORES, MI  48081 |
| PORTFOLIO RECOVERY ASSOCIATES<br>LLC<br>P O BOX 12914<br>NORFOLK, VA  23541 | STAMPER & COMPANY<br>42822 GARFIELD STE 105<br>CLINTON TWP, MI  48038 |
| STORAGE SENSE<br>33985 HARPER AVE<br>CLINTON TWP, MI  48035 | SYNCHRONY BANK<br>℅ PRA RECEIVABLES MANAGEMENT<br>LLC<br>P O BOX 41031<br>NORFOLK, VA  23541 |
| TD BANK USA NA<br>℅ WEINSTEIN & RILEY PS<br>P O BOX 3978<br>SEATTLE, WA  98124 | |

/s/ Shannon Horton
_____
Shannon Horton
Office of the Chapter 13 Standing Trustee - KRISPEN S. CARROLL
719 Griswold Street, Suite 1100
Detroit, MI  48226
(313) 962-5035
notice@det13ksc.com